UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------
                                      :
UNITED STATES OF AMERICA,             :        CASE NO. 1:06-CR-345
                                      :
            Plaintiff,                :
                                      :
vs.                                   :        OPINION & ORDER
                                      :        [Resolving Docs. No. 46, 50 (in part)]
JOSEPH MIHALICH, AVERY KLEIN,         :
RICHARD OTTERMAN, PHILLIP F.          :
GEORGE, JR.,                          :
                                      :
            Defendants.               :
                                      :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        With this motion, the Court decides whether to grant the requests of Defendant Avery Klein

("Klein") and Phillip F. George, Jr. ("George") that the Court exclude from trial recorded

conversations between Klein, George, and Chuck Mueller ("Mueller"), a now-deceased government

informant. [Docs. 46, 50 (in part).]  The Government opposes Defendants' requests. [Docs. 61, 62.]

For the reasons presented below, the Court **DENIES** the motions in limine.

## I.  Background

        On July 11, 2006, a federal grand jury indicted Klein and George on charges of illegal

gambling and money laundering under Sections 2, 1955, and 1956 of Title 18 of the United States

Code. [Doc. 1.]  During the course of its investigation of Klein and George, Mueller, a manager of

two gambling stores involved in the illegal operations charged in the indictment, agreed to become

a confidential informant for the Government. [Doc. 61.]  Subsequently, Mueller made audio and

video recordings of conversations and meetings between himself, Klein, and George (the "Mueller

Case No. 1:06-CR-345
Gwin, J.

recordings"). *Id.*

Mueller died. [Doc. 46.]

Pursuant to the Court's Order, the Government identified a subset of the Mueller recordings that it anticipates introducing at trial. [Doc. 61.]  Klein and George say that, because they cannot exercise their Sixth Amendment rights to confront Mueller as a witness against them, the Court should not allow the Government to introduce the Mueller recordings at trial. *Id.*

The Government disagrees and says that the recordings do not implicate the defendants' Sixth Amendment rights and, further, the recordings qualify as admissions of parties opponent and co-conspirators under the Federal Rules of Evidence 801(d)(2)(A) and (E). *Id.*  As such, the Government asks the Court to admit the Mueller recordings in their entirety. *Id.*

## II.  Legal Standard

The Sixth Amendment's Confrontation Clause provides that, "in all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. AMEND. VI.  The Confrontation Clause applies to "'witnesses' against the accused – in other words, those who 'bear testimony.'"  *United States v. Crawford*, 541 U.S. 36, 51 (2004) (quoting from 1 N. WEBSTER, AN AMERICAN DICTIONARY OF THE ENGLISH LANGUAGE (1828)) (Scalia, J.). "'Testimony,' in turn, is typically '[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact.'" *Id.*  Statements made in furtherance of a conspiracy are not testimonial. *Id.* at 56.

The Federal Rules of Evidence disallow "hearsay" testimony. FED. R. EVID. 802. "'Hearsay' is a statement, other than one made by the declarant at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Id.* at 801(C).  "A statement is not hearsay if – . . . [it] is

Case No. 1:06-CR-345
Gwin, J.

offered against a party and is (A) the party's own statement, in either an individual or a representative capacity. . .." *Id.* at 801(D)(2).  Further, a statement is not hearsay if it is made "by a coconspirator during the course and in furtherance of the conspiracy." *Id.* at 801(D)(2)(E).  Prior to relying on the co-conspirator exception to the hearsay rule a party must demonstrate (1) that a conspiracy exists; (2) the charged party is a member of that conspiracy; and, (3) the co-conspirator makes the statement in the course and in furtherance of the conspiracy.  *United States v. Howard*, 770 F.2d 57, 59-60 (6th Cir. 1985).

### III.  Analysis

The parties' pleadings indicate that the Mueller recordings contain statements made by Klein, George and Mueller regarding the illicit gambling underlying this case.  As the manager of two of the gambling stores targeted by the Government's investigation, Mueller was Defendants' co-conspirator.  The men made the recorded statements during the course of their alleged conspiracy.

Although the Court has not heard the recordings, it presumes that none of the statements by either Klein or Mueller are "testimony."  Defendants do not argue that the recorded statements are solemn declarations or affirmations; they do not say that they or Mueller made the statements "for the purpose of establishing or proving some fact."  The Court presumes that the statements are candid, real-time comments about the gambling operations under indictment.  As such, the recorded statements would not implicate Defendants' Sixth Amendment confrontation rights.  To the extent that this presumption is incorrect, Defendants could not object to their own statements because their statements are not hearsay.  FED. R. EVID. 801(D) ("Statements which are not hearsay.— A statement is not hearsay if – . . . The statement is offered against a party and is (A) the party's own statement,

-3-

Case No. 1:06-CR-345
Gwin, J.

in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth").  Regarding Mueller's questions to Defendants, questions are not evidence and would not be subject to objection.  If Mueller's statement contains assertions, Defendants may object to the recordings at trial or request a limiting instruction to the jury.

Similarly, the Court does not anticipate that the recordings are inadmissible hearsay. Defendants' own recorded statements are admissions, which the hearsay rule expressly excepts.  So long as the Government establishes the proper foundation, the Court will allow Mueller's statements into evidence as admissions of a co-conspirator.  Alternatively, Mueller's statements are admissible as non-hearsay if the Government relies on their contextual value, rather than as proof of the alleged illegal gambling conspiracy.  Again, Defendants may either object to the Government's impermissible use of the Mueller recordings at trial, or request a limiting instruction to the jury.

Thus, the Court will permit the Government to introduce the Mueller recordings at trial subject to objection by Defendants and the Court's limiting instructions to the jury, if any.

### IV.  Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motions in limine.

IT IS SO ORDERED.

Dated: October 17, 2006                                   s/            *James S. Gwin*
                                                                     JAMES S. GWIN
                                                                     UNITED STATES DISTRICT JUDGE